**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LARRY HAMILTON-BEY,

   Plaintiff,

   v.

STATE OF MARYLAND

   Defendant.

Civil Action No.: ELH-22-1366

**MEMORANDUM**

On June 7, 2022, this court received three letters from the self-represented plaintiff, Larry Hamilton-Bey. ECF 1, ECF 2, ECF 3. I shall construe them collectively as the "Complaint." Mr. Hamilton-Bey did not pay the filing fee, nor did he include a motion to proceed in forma pauperis ("IFP").

ECF 1 is addressed as follows: "Dear State of Maryland." The documents concern disparate claims of rape, extortion and murder for hire "by the State's witness Alexis Nicole Kelly." ECF 1 at 1; *see also* ECF 2; ECF 3. Ms. Kelly, to whom Mr. Hamilton-Bey attributes various sexually transmissible diseases, is the person he accuses of rape and states she is his wife. ECF 2 at 1, 2, 3, 7, 8.

Mr. Hamilton-Bey states that Detective Woodard is supposedly investigating the matters, ECF 1 at 1, but does not return plaintiff's calls. ECF 2 at 1. According to plaintiff, reports were sent to the detective, but the information has not reached "the rape victims unit as [he] was also being extorted by Alexis." ECF 1 at 1. He alleges that Ms. Kelly is "sex drug trafficaring [sic] also reported to Child Protective Service as well as the District Det. Woodard while these are

pending investigation the report was given March 20, 2022 with the evidence and still pending a[n] investigation." *Id*. at 3.

In addition, plaintiff claims that Ms. Kelly, who has been identified as "Pablo" in text messages, has tried to extort him. ECF 1 at 2-3. He also states that he and Ms. Kelly share a child, he has custody of the child, and that Ms. Kelly has tried everything to harm him in every way. ECF 2 at 3. According to plaintiff, Ms. Kelly has tried to kill him by hiring a member of the Bloods or the BGF to kill him, and she is pregnant with his child. ECF 2 at 6-7.

Mr. Hamilton-Bey seeks protection from the Attorney General because he states he is a federal witness and the State cannot protect him. ECF 3. Moreover, he claims that he fears for his life as a Black Moor, *id.* at 2, and states his letter acknowledges the Federal government, asserting: "You are accountable now you know". *Id*.

Included with plaintiff's correspondence is a complaint filed by Ms. Kelly with the Baltimore City Police seeking an order of protection from Mr. Hamilton-Bey. She alleges that plaintiff has pressed "bogus charges" against her, and has threatened to kill her and her young daughter if she leaves him. *Id*. at 10-14.

Mr. Hamilton-Bey, who is currently incarcerated, is barred from filing a complaint via IFP unless he states a claim indicating that he is in imminent danger of physical harm.[1] *See Hamilton v. Narron, et al.*, Civil Action RDB-18-3015 (D. Md. 2018); *Hamilton v. Merriweather, et al.*, Civil Action RDB-19-141 (D. Md. 2019); and *Hamilton v. Hill, et al.*, Civil Action RDB-19-2927 (D. Md. 2019). The three-strikes rule, established by the Prison Litigation Reform Act of 1995,

---

[1] Plaintiff has had three or more complaints dismissed as frivolous. This court has and will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a §1915(g) dismissal).

"generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they] were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" *Lomax v. Ortiz-Marquez*, ___ U.S. ___, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)) (alterations in *Lomax*).  "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

This provision allows "a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Commissioner of Social Security Administration*, 801 Fed. Appx. 90, 95 (4th Cir. 2020) (per curiam).  Imminent danger in this context must be "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint."  *Id*. at 96; *see Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.").  "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Nothing in the complaint suggests that officials at Maryland Reception, Diagnostic and Classification Center ("MRDCC"), where Mr. Hamilton is confined, have failed to provide him with protection from a known risk of harm.  Rather, the complaint concerns Mr. Hamilton-Bey's ongoing efforts to press charges against his estranged wife.  To the extent that Mr. Hamilton-Bey is seeking an order from this court requiring additional efforts to prosecute a criminal matter, this

court does not have mandamus jurisdiction over the State courts. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

Additionally, Mr. Hamilton-Bey does not have a constitutional right to criminally prosecute another person. "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert denied*, 568 U.S. 1160 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

Accordingly, I shall dismiss the suit. An Order follows.


Date:  June 13, 2022                                /s/
                                                            Ellen L. Hollander
                                                            United States District Judge